Chief Justice Bibb
delivered the Opinion of the Court.
Jennings declared in debt, upon this obligation.
“$900.— Due William Jennings, nine hundred dollars, as a gift to my daughter, Nancy M. Jennings, to be paid out of my estate, (without interest, whilst he keeps that part of the place he now lives on in possession,) it being an equal legacy with that already given to .Richard and Henry D. Smith. Given under my hand and seal, this 19th July, 1317.
Stokes Anderson, [Seal.]"
The pleadings present these questions.
1st, Is the connection between father-in-law and son-in-law, a consideration to uphold a writing, under our statute authorizing the defendant to impeach, and go into the consideration of an obligation, in the same manner as upon an unsealed writing?
2nd, Is the obligation demandable before the death of the obligor?
3rd, Is the death of the wife, of Jennings an event by which the obligation has become inoperative, as tn case of a lapsed legacy, or not to be sued upon and recovered on behalf of Jennings?
4th, Does the Possession of the place continued in Jennings, suspend the right to recover the principal sum?
As to the first, it is well settled, that the consideration of tie or connection, between father-in-law and. son-in-law, expected or existing, is a good consideration in law, to uphold a promise or agreement. It is a consideration whereon to found an agreement before marriage, and a continuing consideration after marriage. Plow. Com. 308-9; 3 Burr, 1639; Douglas, 723.
Obligation contended to be not due till obligor’s death, held to be payable presently.
An obligation of the father-in-law for money to the son-in-law in consideration of the connection, is not affected by the death of the daughter.
Interest.
Judgment and Mandate
Crittenden and Depew for plaintiff.
As to the second. The obligation is, upon its face, a debt due in presenti. The expressions, payable out of my estate, can not counteract the force of the debt acknowledged as due—and when taken, in connection with the exemption from interest during the occupation of the place, the intention is clear, that it is a present debt due, and by law bearing interest unless that interest is discharged elsehow. To pay out of his estate names only the. means out of which all men must pay. The expression “as a legacy," connected with the other words, explain the sense in which the obligor uses the word legacy. He means advancement by way of marriage portion; equal to that he had given to other sons-in-law.
3rd, The death of the wife has no effect to extinguish or discharge the obligation, if given to the wife, it would have been the husbands. But given to the husband it is not less his; nor extinguished by his surviving the wife.
4th, The possession of the place by Jennings, only keeps down the inter.est, but does not bar or suspend the recovery of the principal.
Taking the instrument all together, it was a gift or acknowledgement of a marriage portion; the pleadings shew it to be so, and due presently, and bearing interest presently, but that interest kept down by the election of Jennings to accept the use and occupation of the place, as an equivalent for interest. That stipulation confirms the construction and inference, that it was a debt due in presenti, not in future. Besides, if Jennings quit the place, then interest would run, by the plain implication from the words; which does not consist with a demand, not due until after the father-in-law’s death.
The judgment of the court, in adjudging the debt not payable presently, and in giving judgment for. the defendant, must be reversed, and the cause remanded for new proceedings, not inconsistent with, this opinion.
Plaintiff to have his costs.